UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OIL MOP, L.L.C. | * |
| | * CIVIL ACTION NO. |
| Plaintiff, | * 2:11-cv-00089-EEF-DEK |
| | * |
| VERSUS | * SECTION " " |
| | * JUDGE  Eldon E. Fallon |
| SUMMIT ENVIRONMENTAL SERVICES, | * |
| LLC AND AMERICAN COMMERCIAL | * MAG. DIV. ( ) |
| LINES INC. | * MAG. JUDGE Daniel E. Knowles, III |
| | * |
| Defendants. | * |
| | * |

*********************************************

**ANSWER AND COUNTERCLAIM OF DEFENDANT
AMERICAN COMMERCIAL LINES INC.
AND AMERICAN COMMERCIAL LINES, LLC
INCORRECTLY SUED HEREIN AS
<u>AMERICAN COMMERCIAL LINES, INC.</u>**

NOW INTO COURT, through undersigned counsel, comes American Commercial Lines Inc. (hereinafter "ACL") and American Commercial Lines, LLC (hereinafter "ACL-LLC"), incorrectly sued herein as American Commercial Lines, Inc., who aver as follows for their Answer and Counterclaim to the Complaint of Oil Mop, L.L.C. ("Plaintiff"):

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted and the Plaintiff has no right of action.

## SECOND DEFENSE

Plaintiff has failed and/or refused to provide copies of federally required I-9 forms with respect to its personnel and/or labor force and therefore is not entitled to payment for any of said personnel and/or labor force.

## THIRD DEFENSE

Plaintiff has failed and/or refused to provide copies of haz-woper certificates and/or any evidence that its personnel and/or labor force received the proper training and/or certification for the clean up and/or remediation of oil contamination and therefore plaintiff is not entitled to payment for any personnel and/or labor not so properly trained and certified.

## FOURTH DEFENSE

Plaintiff's invoices contain improper and/or unsupported charges for which neither ACL nor ACL-LLC are liable.

## FIFTH DEFENSE

And now further answering each and every allegation of the Complaint, should further answer be deemed necessary, ACL avers as follows:

1.

The allegations set forth in paragraph "1" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

2.

The allegations set forth in paragraph "2" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

3.

The allegations set forth in paragraph "3" of the Complaint are admitted.

4.

The allegations set forth in paragraph "4" of the Complaint are denied.

5.

The allegations set forth in paragraph "5" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

FACTS

6.

ACL admits only that it has transportation, manufacturing and professional services divisions and except as so expressly admitted the allegations set forth in paragraph "6" of the Complaint are denied.

7.

ACL admits only that it has subsidiaries and except as so expressly admitted the allegations set forth in paragraph "7" of the Complaint are denied.

8.

ACL admits only that ACL Professional Services Inc. was an indirect wholly owned subsidiary of ACL and except as so expressly admitted, the allegations set forth in paragraph "8" of the Complaint are denied.

9.

ACL admits only that between March 31, 2008 and December 1, 2009, ACL Professional Services Inc. was the 100% owner of Summit Contracting, L.L.C. and except as so expressly admitted, the allegations set forth in paragraph "9" of the Complaint are denied.

10.

ACL admits only that between May 15, 2007 and December 1, 2009, Summit Contracting, L.L.C. was the 100% owner of Summit Environmental Services, LLC and except as so expressly admitted, the allegations set forth in paragraph "10" of the Complaint are denied.

11.

ACL admits only that between May 15, 2007 and December 1, 2009, Summit Environmental Services Inc. was in the business of construction, environmental remediation, industrial services and 24-hour emergency spill response and except as so expressly admitted, the allegations set forth in paragraph "11" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

12.

The allegations set forth in paragraph "12" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

13.

The allegations set forth in paragraph "13" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

14.

The allegations set forth in paragraph "14" of the Complaint are admitted.

15.

ACL admits only that on or about July 23, 2008, Summit Environmental Services, LLC was wholly owned by Summit Contracting, L.L.C., that Summit Contracting, L.L.C. was wholly owned by ACL Professional Services Inc., that ACL Professional Services Inc. was wholly owned by Commercial Barge Line Company and that Commercial Barge Line Company was wholly owned by ACL and except as so expressly admitted, the allegations set forth in paragraph "15" of the Complaint are denied.

16.

ACL admits that it or one of its subsidiaries requested Summit Environmental Services, LLC to provide environmental response services related to the release of oil into the Mississippi River on or about July 23, 2008 and except as so expressly admitted, the allegations set forth in paragraph "16" of the Complaint are denied.

17.

The allegations set forth in paragraph "17" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

18.

The allegations set forth in paragraph "18" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

19.

ALC admits only that American Commercial Lines, LLC retained plaintiff to perform services related to the release of oil into the Mississippi River on or about July 23, 2008 and

except as so expressly admitted, the allegations set forth in paragraph "19" of the Complaint are denied.

20.

The allegations set forth in paragraph "20" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

21.

The allegations set forth in paragraph "21" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

22.

The allegations set forth in paragraph "22" of the Complaint are denied.

23.

The allegations set forth in paragraph "23" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

24.

The allegations set forth in paragraph "24" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

25.

The allegations set forth in paragraph "25" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

26.

The allegations set forth in paragraph "26" of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

27.

The allegations set forth in paragraph "27" of the Complaint are denied.

28.

The allegations set forth in paragraph "28" of the Complaint are denied.

29.

The allegations set forth in paragraph "29" of the Complaint are denied.

30.

The allegations set forth in paragraph "30" of the Complaint are denied.

31.

ACL admits that plaintiff made demand for money to Dawn Landry and except as so expressly admitted, the allegations set forth in paragraph "31" of the Complaint are denied.

32.

ACL admits only that for a period of time prior to December 1, 2009, Dawn Landry was the Senior Vice President and General Counsel of ACL, ACL Professional Services Inc. and Summit Contracting, L.L.C. and except as so expressly admitted, the allegations set forth in paragraph "32" of the Complaint are denied.

33.

ACL admits only that on December 1, 2009, Summit Contracting, L.L.C. was sold and except as so expressly admitted, the allegations set forth in paragraph "33" of the Complaint are denied.

34.

ACL admits only that on December 1, 2009, Summit Contracting, L.L.C. was sold and except as so expressly admitted, the allegations set forth in paragraph "34" of the Complaint are denied.

35.

The allegations set forth in paragraph "35" of the Complaint are denied on the grounds that they refer to a written document the terms of which speak for themselves.

36.

The allegations set forth in paragraph "36" of the Complaint are denied on the grounds that they refer to a written document the terms of which speak for themselves.

37.

The allegations set forth in paragraph "37" of the Complaint are denied on the grounds that they refer to a written document the terms of which speak for themselves.

38.

The allegations set forth in paragraph "38" of the Complaint are denied on the grounds that they refer to a written document the terms of which speak for themselves.

39.

The allegations set forth in paragraph "39" of the Complaint are denied.

40.

The allegations set forth in paragraph "40" of the Complaint are denied.

41.

The allegations set forth in paragraph "41" of the Complaint are denied.

## COUNT I

## SINGLE BUSINESS ENTERPRISE

42.

ACL repeats, reiterates and incorporates by reference the denials, admissions and affirmative allegations set forth in paragraphs "1" through "41" inclusive of this Answer with regard to those allegations which are repeated, reiterated and incorporated in paragraph "42" of the Complaint with the same force and effect as if more fully set forth herein at length.

43.

The allegations set forth in paragraph "43" of the Complaint are denied.

44.

The allegations set forth in paragraph "44" of the Complaint are denied.

45.

The allegations set forth in paragraph "45" of the Complaint are denied.

46.

The allegations set forth in paragraph "46" of the Complaint are denied.

47.

ACL admits only that it and certain of its subsidiaries had certain officers in common and except as so expressly admitted, the allegations set forth in paragraph "47" of the Complaint are denied.

48.

The allegations set forth in paragraph "48" of the Complaint are denied.

## COUNT II

## BREACH OF CONTRACT

49.

ACL repeats, reiterates and incorporates by reference the denials, admissions and affirmative allegations set forth in paragraphs "1" through "48" inclusive of this Answer with regard to those allegations which are repeated, reiterated and incorporated in paragraph "49" of the Complaint with the same force and effect as if more fully set forth herein at length.

50.

The allegations set forth in paragraph "50" of the Complaint are denied.

51.

The allegations set forth in paragraph "51" of the Complaint are denied.

52.

The allegations set forth in paragraph "52" of the Complaint are denied.

53.

The allegations set forth in paragraph "53" of the Complaint are denied.

54.

The allegations set forth in paragraph "54" of the Complaint are denied.

55.

The allegations set forth in paragraph "55" of the Complaint are denied.

56.

The allegations set forth in paragraph "56" of the Complaint are denied.

57.

The allegations set forth in paragraph "57" of the Complaint are denied.

58.

The allegations set forth in paragraph "58" of the Complaint are denied.

59.

The allegations set forth in paragraph "59" of the Complaint are denied.

60.

The allegations set forth in paragraph "60" of the Complaint are denied.

61.

The allegations set forth in paragraph "61" of the Complaint are denied.

COUNT III

QUANTUM MERUIT & UNJUST ENRICHMENT

62.

ACL repeats, reiterates and incorporates by reference the denials, admissions and affirmative allegations set forth in paragraphs "1" through "61" inclusive of this Answer with regard to those allegations which are repeated, reiterated and incorporated in paragraph "62" of the Complaint with the same force and effect as if more fully set forth herein at length.

63.

The allegations set forth in paragraph "63" of the Complaint are denied.

64.

The allegations set forth in paragraph "43" of the Complaint are denied.

65.

The allegations set forth in paragraph "65" of the Complaint are denied.

66.

The allegations set forth in paragraph "66" of the Complaint are denied.

67.

The allegations set forth in paragraph "67" of the Complaint are denied.

68.

The allegations set forth in paragraph "68" of the Complaint are denied.

69.

The allegations set forth in paragraph "69" of the Complaint are denied.

70.

The allegations set forth in paragraph "70" of the Complaint are denied.

## FOURTH DEFENSE

Plaintiff has failed to mitigate any alleged items of damage.

## COUNTERCLAIM

1.

Upon information and belief, plaintiff Oil Mop, L.L.C. ("Oil Mop") was and is a Louisiana limited liability company with a principal place of business at 145 Keating Drive, Belle Chase, Louisiana.

2.

American Commercial Lines Inc. ("ACL") is a Delaware corporation with a principal place of business at 1701 East Market Street, Jeffersonville, Indiana.

3.

American Commercial Lines, LLC ("ACL-LLC") is a Delaware limited liability company with a principal place of business at 1701 East Market Street, Jeffersonville, Indiana.

4.

There is complete diversity of citizenship by and between plaintiff and defendant in this action.

5.

The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6.

This Court has jurisdiction over ACL's counterclaims under 28 U.S.C. § 1332.

7.

ACL-LLC is a wholly owned indirect subsidiary of ACL.

8.

On or about July 23, 2008, a barge owned by ACL-LLC, while laden with a cargo of fuel oil, was involved in a collision on the Mississippi River resulting in the release of oil into the waterway.

9.

ACL-LLC contracted with Oil Mop to provide environmental emergency response services related to the release of oil in the Mississippi River.

10.

In connection with its retention to provide environmental emergency response services, Oil Mop agreed that its invoices would be subject to audit and/or that payment of Oil Mop's invoices would be subject to the findings of the auditors.

11.

As a result of the audit of Oil Mop's invoices, numerous issues including apparent mistakes and/or overcharges were noted with respect to the invoices as well as lack of supporting documentation.

12.

For example, despite request, Oil Mop has failed and/or refused to provide copies of haz-woper certificates and/or any evidence that its personnel and/or labor force received the proper training and/or certification for the cleanup and/or remediation of oil contamination and, therefore, Oil Mop is not entitled to charge the increase in cost for a properly certified haz-mat technician.

13.

Similarly, despite request, Oil Mop has failed and/or refused to provide the federally required I-9 forms with respect to its personnel and/or labor force and, therefore, is not entitled to payment for any of said personnel and/or labor force.

14.

The audit also revealed that the Oil Mop invoices contained charges relating to personnel/laborers for whom proper documentation such as sign in sheets and/or signed per diem

logs were not provided, other unsupported charges, duplicate charges, improper rates and/or other mistakes, improper items and/or inaccuracies.

15.

Despite request, Oil Mop has failed and/or refused to provide the documents and/or information necessary to resolve the issues raised by the auditors.

16.

Rather than attempt to justify the issues relating to its invoices with the auditors, Oil Mop made application to the National Pollution Fund Center ("NPFC") for payment of its invoices in full even though various issues and/or items relating to the invoices were in dispute and had not been resolved.

17.

As a result of the payment by the NPFC and/or prior payments made to Oil Mop by ACL-LLC and/or its insurers, Oil Mop has been overpaid and/or has received funds in excess of what it is justly entitled to in an amount at least equal to and/or greater than the amount Oil Mop was awarded by the NPFC which totaled $275,942.79.

18.

As a result of the foregoing, the NPFC is and/or will seek reimbursement from ACL and/or its insurers in the amount that the NPFC awarded to Oil Mop.

19.

As a result of the foregoing, ACL has suffered damages and will continue to suffer damages.

20.

ACL should be awarded $275,942.79 plus reimbursement of all amounts already paid to Oil Mop by ACL-LLC and/or its insurers that exceed the valid and properly supported charges plus interest, attorneys fees and costs.

WHEREFORE, American Commercial Lines Inc. and American Commercial Lines, LLC (incorrectly sued herein as American Commercial Lines, Inc.) pray that the foregoing Answer be deemed good and sufficient and after due proceedings have been had that there be judgment entered in favor of American Commercial Lines Inc. and American Commercial Lines, LLC (incorrectly sued herein as American Commercial Lines, Inc.) and against Plaintiff Oil Mop, L.L.C., dismissing Plaintiff's Complaint, with prejudice, and granting judgment on the counterclaim in the amount of $275,942.79 plus reimbursement of all amounts already paid to Oil Mop, LLC by American Commercial Lines, Inc. and/or and American Commercial Lines, LLC and/or their insurers that exceed the valid and properly supported charges in Oil Mop, LLC's invoices, plus interest, attorney fees, with Plaintiff to bear all costs of Court, and for all other relief which the justice of the cause may require.

New Orleans, Louisiana this 17th day of February, 2011.

Respectfully submitted,

*/s/  Glenn G. Goodier*
GLENN G. GOODIER (#06130), T.A.
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-510
Telephone: (504) 582-8174
Fax: (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

*Counsel for Defendant American Commercial Lines, Inc. and American Commercial Lines, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 17th day of February, 2011 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing, facsimile, hand delivery and/or by mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Glenn G. Goodier*
GLENN G. GOODIER