UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OIL MOP LLC** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-89** |
| | * | |
| **SUMMIT ENVIRONMENTAL SERVICES, LLC** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is a Motion to Dismiss the Counterclaim and a Motion for a More Definite Statement (Rec. Doc. No. 8) filed by Plaintiff Oil Mop LLC ("Oil Mop"). The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, Defendant American Commercial Lines, LLC ("ACL, LLC") is **DISMISSED** as a party to this case without prejudice to the right of ACL, LLC to become a party to this suit in a procedurally proper manner. In addition, Oil Mop's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** as follows: the motion, insofar as it relates to the counterclaim as asserted by ACL, LLC, is **GRANTED** without prejudice to the right of ACL, LLC to plead the claim if it becomes a party to this suit; the motion, insofar as it relates to the counterclaim as asserted by Defendant American Commercial Lines Inc. ("ACL Inc."), is **DENIED** without prejudice to the right of Oil Mop to re-urge the dismissal of the counterclaim on a motion for summary judgment under Rule 56. Finally, Oil Mop's Motion for a More Definite Statement is **DENIED**.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of the clean-up of an oil spill that occurred on July 23, 2008 in the Mississippi River. In its Complaint, Plaintiff Oil Mop, LLC alleges that at all relevant times, it had a reciprocal services agreement with Defendant Summit Environmental Services, LLC ("SESL"), under which the two were to provide environmental services to one another. Oil Mop

1

avers that at all pertinent times, SESL was a wholly owned subsidiary of Summit Contracting, LLC ("Summit"), which was a wholly owned subsidiary of ACL Professional Services ("APL"), which was, in turn, a wholly owned subsidiary of Defendant American Commercial Lines Inc. ("ACL Inc.").

According to Oil Mop, following the oil spill on July 23, 2008, SESL engaged it under the terms of the reciprocal services agreement to provide remediation services. Oil Mop states that it rendered the services, but that a majority of its invoices were not paid. Oil Mop alleges that in response, it proceeded to obtain recovery from the Oil Spill Liability Trust Fund, which is administered by the National Pollution Funds Center (NPFC). According to Oil Mop, however, the NPFC was unwilling to pay an outstanding amount of around $237,000 because American Commercial Lines, LLC ("ACL, LLC"), another subsidiary of ACL Inc., had made payment to SESL's parent company, Summit Contracting, for that amount.

Oil Mop alleges that it then made a demand for payment to SESL. Oil Mop avers that it spoke with Dawn Landry, who served as senior vice president and general counsel of not only SESL, but also ACL Inc., APS, and Summit Contracting. Through Landry, Plaintiff alleges, SESL refused to make the payment. In its Complaint, Oil Mop states while it was engaging in discussions with SESL, APS sold its 100 percent ownership interest in Summit Contracting to a corporation known as E & J Ventures, LLC. Under the alleged terms of the purchase agreement, however, APS agreed to provide indemnity and defense with respect to any claim for payments arising out of the clean-up of the July 23, 2008 oil spill.

Asserting that its claim against SESL is a claim contemplated by the purchase agreement, Oil Mop filed suit in this Court to recover the allegedly outstanding amount of $237,000. In its

Complaint, Oil Mop asserts three claims. First, Oil Mop alleges a breach of contract on the part of SESL. Second, and in the alternative, Oil Mop seeks to obtain recovery in quantum meruit. Third, Oil Mop avers that ACL Inc., APS, Summit Contracting, and SESL are all alter egos of one another. Oil Mop claims that as a result, ACL and SESL are jointly liable for the breach of contract or, in the alternative, for unjust enrichment.

    ACL Inc. and ACL, LLC answered Oil Mop's Complaint and filed a counterclaim. In their counterclaim, ACL Inc. and ACL, LLC allege that Oil Mop was engaged by ACL, LLC to provide the environmental response services in connection with the oil spill. Under that contract, according to ACL Inc. and ACL, LLC, Oil Mop agreed to subject its invoices to various auditing requirements. The two ACL entities state that the audits revealed problems with Oil Mop's invoices and that in light of the payments made by both ACL, LLC and the NPFC, Oil Mop has been overcompensated by roughly $276,000. According to ACL Inc. and ACL, LLC, the NPFC is to seek reimbursement from ACL Inc. Both ACL entities assert that they are entitled to recover the alleged amount in overpayment. SESL has filed its own answer, in which it denied liability.

    Oil Mop has now filed a Motion to Dismiss for Failure to State a Claim and a Motion for a More Definite Statement (Rec. Doc. No. 8). In its motion, Oil Mop asserts that ACL, LLC has improperly entered into this lawsuit. Oil Mop argues that it is also unclear what provides ACL Inc. with a right to make a recovery against it. Oil Mop emphasizes that it did not have a contract with ACL, LLC. Oil Mop also seeks a more definite statement of the counterclaim. According to Oil Mop, the counterclaim is vague as to a number of essential details regarding the alleged basis for recovery. ACL Inc. and ACL, LLC oppose both motions. The two entities argue that the

contract that governed Oil Mop's work in connection with the July 23, 2008 oil spill was one between Oil Mop and ACL, LLC. They contend that they have sufficiently pled the counterclaim and that it is not necessary for them to provide a more definite statement.

## II. LAW AND ANALYSIS

### A. Entry of ACL, LLC Into This Case

While Oil Mop has styled its motion as one for failure to state a claim, one of its principal arguments is that ACL, LLC was not named as a defendant and that as a result, it was improper for ACL, LLC to enter this suit as a party and to assert a counterclaim against it. This observation is correct. It is elementary that "[o]nly defending parties may assert counterclaims" and that "[d]efending parties are parties against whom a claim has been filed." 3 *Moore's Federal Practice* § 13.09[2][a] (3d ed. 2000). In other words, an individual or entity that has not been named as a defendant may not assert a counterclaim without first becoming a party to the suit. *See id.*; *see also Hubner v. Schoonmaker*, 1990 WL 149207, at *4 (E.D. Pa. 1990) ("Rule 13 permits the use of counterclaims, but an entity can take advantage of its provisions only after it has been admitted into the dispute."); *cf. City of Tampa v. Fourth Tug/Barge Corp.*, 163 F.R.D. 622, 624 (M.D. Fla. 1995) (noting that only a party to a suit may assert a cross-claim under Rule 13).

Here, Oil Mop did not name ACL, LLC as a defendant in its Complaint, and the Complaint was served only on ACL Inc. Nonetheless, both ACL Inc. and ACL, LLC filed an answer and asserted a counterclaim against Oil Mop. In light of the above, it is clear that ACL, LLC did not follow the appropriate procedure in entering this suit. The question, then, is what is the appropriate remedy. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n

motion or on its own, the court may . . . drop a party" as a remedy for the misjoinder of a party. Fed. R. Civ. P. 21. Here, Oil Mop's motion – insofar as it objects to the presence of ACL, LLC in this case – may fairly be construed as one raised under Rule 21 in order to obtain the dismissal of ACL, LLC as a party. Accordingly, the Court concludes that ACL, LLC is to be dismissed as a party to this case.

The parties should note that this dismissal is without prejudice to the right of ACL, LLC to become a party to this suit in a procedurally proper manner. In particular, as ACL, LLC has apparently manifested an interest in this lawsuit, the dismissal is without prejudice to the right of ACL, LLC to move under Rule 24 to intervene in this matter. *See generally* Fed. R. Civ. P. 24. Alternatively, the remaining parties may move this Court under Rule 21 to request the joinder of ACL, LLC under the joinder provisions of Rules 19 or 20. *See generally id.* 19 (required joinder), 20 (permissive joinder); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 438 F. Supp. 440, 445 (E.D.N.Y. 1977) ("The only difference between intervention [under Rule 24] and joinder [under Rules 19 and 20] is which party initiates the addition of a new party to the case.").

The Court recognizes that under Rule 21, it may also, on its own motion, determine whether ACL, LLC would be appropriately joined as a party under the joinder provisions of rules 19 or 20. *See* Fed. R. Civ. P. 21. At this stage, however, notwithstanding Oil Mop's objection to ACL, LLC's entry into this lawsuit, the remaining parties have not had the chance to address the merits of any such possible joinder. It is therefore appropriate to give the remaining parties the opportunity to speak to that issue, in the first instance, on a motion to join ACL, LLC as a party under either Rules 19 or 20. As noted above, ACL, LLC may, in the alternative, file a motion to intervene under Rule 24. At this time, the Court does not express any views on the

merits of any such possible motions.

**B. Motion to Dismiss for Failure of ACL Inc. to State a Claim**

The dismissal of ACL, LLC as a party requires this Court to dismiss the counterclaim – insofar as it is asserted by ACL, LLC – without prejudice to the right of ACL, LLC to plead the claim if it becomes a defendant in this suit. As Oil Mop's motion also addresses the counterclaim as it is asserted by ACL Inc., however, there remains the question of whether ACL Inc. has failed to state a claim. At this juncture, it suffices to note that an in-depth inquiry is not necessary. Rule 12(d) provides that if "matters outside the pleadings are presented" on a motion to dismiss under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, both parties have clearly gone beyond the pleadings: they have not only attached exhibits to their filings with respect to the instant motion, but also repeatedly referred to alleged facts not contained in the pleadings and argued that the opposing party has failed to provide sufficient evidentiary material. In light of this, the Court must treat the motion to dismiss as a motion for summary judgment. *See id.*

Rule 56 contemplates that if discovery has not been undertaken – that is, if the facts have not been ascertained – the court may "allow time [for the parties] to take discovery." *Id.* 56(d)(2). Alternatively, if a party has had an opportunity to undertake discovery but "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," Rule 56 provides that the court may give to that party "an opportunity to properly support or address the fact." *Id.* 56(e)(1). These provisions echo Rule 12's insistence that if materials outside the pleadings are presented on a 12(b)(6) motion – thereby converting the motion to dismiss into one for summary judgment – "[a]ll parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion." *Id.* 12(d).

As noted above, the parties in this case have clearly gone beyond the pleadings. In doing so, the parties have, however, oftentimes failed to provide, and make reference to, evidentiary material as required under Rule 56. *See id.* 56(c)(1)(A); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (noting that "unsubstantiated assertions are not competent summary judgment evidence"). Under these circumstances, the Court finds it appropriate to deny the motion to dismiss so that the parties have an opportunity to engage in discovery and to attempt to properly support their factual claims in accordance with Rule 56. *See* Fed. R. Civ. P. 56(d)(2), (e)(1); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004) (noting that "it is important that the district court give the parties notice of the changed status of the motion").

The parties should note that the denial of the motion is without prejudice to the right of Oil Mop to re-urge the dismissal of ACL. Inc.'s counterclaim on a motion for summary judgment. If the parties do ask the Court to revisit the merits of ACL Inc.'s counterclaim, they should be sure to address the threshold question of what body of substantive law applies to the instant case. To the extent that the parties have invoked this Court's diversity jurisdiction, this determination is to be made in accordance with the choice-of-law principles of the Louisiana Civil Code. *See Houston N. Hosp. Prop. v. Telco Leasing, Inc.*, 680 F.2d 19, 21 (5th Cir. 1982) ("In a diversity case, a federal district court must apply the choice-of-law principles of the state in which it sits to resolve a threshold conflicts question."). The parties should also be sure to address the possible theory of liability, under the relevant body of substantive law, that would allow ACL Inc. to obtain recovery on a contract between ACL, LLC and Oil Mop.

**C. Motion for a More Definite Statement**

Oil Mop has also requested that this Court issue an order requiring ACL Inc. to provide a more definite statement of its counterclaim. Rule 12(e) allows a party to seek a more definite statement of a claim if the pleading that is at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This rule, it has long been understood, "provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414 (D. Or. 2002) (internal quotation marks and citation omitted); *accord Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). "Rule 12(e) motions are disfavored," and a district court has "considerable discretion in deciding whether to grant [such a] motion." *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).

In this case, the Court cannot conclude that the counterclaim is "so vague or ambiguous" that Oil Mop "cannot respond to it, even with a simple denial as permitted by Rule 8(b)." Wright & Miller, *supra*, § 1376. Indeed, most of the critical facts that Oil Mop claims to be missing are contained in the counterclaim. The pleading states that Oil Mop was engaged by ACL, LLC to provide the environmental response services in connection with the July 23, 2008 oil spill. Under that contract, according to ACL Inc., Oil Mop agreed to subject its invoices to various auditing requirements. ACL Inc. has averred that the audits revealed problems with Oil Mop's invoices and that taking into account the payments made by both ACL, LLC and the NPFC, Oil Mop has been overpaid by roughly $276,000. According to ACL Inc., the NPFC is to seek reimbursement from it, and as a result, it is entitled to recover roughly $276,000 in overpayment.

Thus, the counterclaim clearly identifies the crucial pieces of information that Oil Mop

claims to be lacking – for instance, the contract on which the counterclaim is based, the basic components of the contract, and the amount of damages sought by ACL Inc. To be sure, Oil Mop has also asked for more details regarding the contract. But "it is well established that in a broad spectrum of contract actions," the party asserting the claim "should not be required to plead [all of the] details [of] the terms of the contract." *Id.* § 1377. Oil Mop also complains that ACL Inc. has not identified the legal theory that would justify its recovery on the counterclaim. It is also clear, however, that "any attempt to use Rule 12(e) . . . to tie the pleader down to a particular legal theory of the case [is to be] rejected as contrary to the philosophy of the federal rules, which does not require . . . a theory of [the] case at the pleading stage." *Id.* Oil Mop's motion for a more definite statement must be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that American Commercial Lines, LLC ("ACL, LLC") is hereby **DISMISSED** as a party to this case without prejudice to the right of ACL, LLC to become a party to this suit in a procedurally proper manner.

**IT IS FURTHER ORDERED** that Oil Mop's Motion to Dismiss (Rec. Doc. No. 8) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Oil Mop's Motion for a More Definite Statement (Rec. Doc. No. 8) is hereby **DENIED**.

New Orleans, Louisiana, this 30th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE