UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OIL MOP, L.L.C. | * | CIVIL ACTION NO. 11-00089 |
| | * | |
| Plaintiff, | * | SECTION "L" |
| | * | JUDGE FALLON |
| VERSUS | * | |
| | * | MAG. DIV. (3) |
| SUMMIT ENVIRONMENTAL SERVICES, | * | MAG. JUDGE KNOWLES |
| LLC AND AMERICAN COMMERCIAL | * | |
| LINES INC. | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## THIRD-PARTY COMPLAINT OF OIL MOP, L.L.C.

**NOW INTO COURT** comes Counterclaim Defendant and Third-Party Plaintiff, Oil Mop, L.L.C. ("Oil Mop"), through undersigned counsel, who files this Third-Party Complaint for breach of contract, unjust enrichment, contractual defense and indemnification, and any claims made in counterclaims against Oil Mop, against American Pollution Control Corporation ("APC"), B&B Fire and Safety Services, Inc. ("BB"), Dillon Environmental Services, LP ("DES"), Down South Services, L.L.C. ("DSS"), Eagle Supply and Manufacturing, L.P. Texas ("ESM"), Environmental Equipment, Inc. ("EEI"), Greg Gibson Trucking LLC ("GGT"), Industrial Cleanup, Inc. ("ICI"), Industrial Labor and Equipment Services LLC ("ILE"), Integrated Pro Services, LLC ("IPS"), Laville Airboats, L.L.C. ("LAL"), Phoenix Pollution Control & Environmental Services, Inc. ("PPC"), and PSC Industrial Outsourcing, LP ("PSC") (hereinafter collectively referred to as "Third-Party Defendants"). Oil Mop further represents and avers as follows:

Parties

1.

Third-Party Plaintiff, Oil Mop, is a Louisiana limited liability company with a principal place of business at 145 Keating Drive, Belle Chasse, Louisiana.

2.

Made Third-Party Defendants herein are:

a. American Pollution Control Corporation, who upon information and belief is a Delaware company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

b. B&B Fire and Safety Services, Inc., who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

c. Dillon Environmental Services, LP, who upon information and belief is an Oklahoma company authorized to do and doing business in the State of Oklahoma with its principal place of business in Oklahoma.

d. Down South Services, L.L.C., who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

e. Eagle Supply and Manufacturing, L.P. Texas, who upon information and belief is a Texas company authorized to do and doing business in the State of Texas with its principal place of business in Texas.

f. Environmental Equipment, Inc., who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

g. Greg Gibson Trucking LLC, who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

h. Industrial Cleanup, Inc., who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

i. Industrial Labor and Equipment Services LLC, who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

j. Integrated Pro Services, LLC, who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

k. Laville Airboats, L.L.C., who upon information and belief is a Louisiana company authorized to do and doing business in the State of Louisiana with its principal place of business in Louisiana.

l. Phoenix Pollution Control & Environmental Services, Inc., who upon information and belief is a Texas company authorized to do and doing business in the State of Texas with its principal place of business in Texas.

m. PSC Industrial Outsourcing, LP, who upon information and belief is a Delaware company authorized to do and doing business in the State of Louisiana with its principal place of business in Texas.

Procedure

3.

Plaintiff in the principal demand is Oil Mop. Oil Mop filed suit against Summit Environmental Services, LLC ("SESL") and American Commercial Lines Inc. ("ACLI") for breach of contract, quantum meruit and unjust enrichment. Those claims are set forth in the Complaint (Rec. Doc. 1), made a part hereof, in reference, as if copied in extenso, and attached as Exhibit "A."

4.

Defendant in the principal demand is ACLI. ACLI filed a Counterclaim against Oil Mop for breach of contract and unjust enrichment and sought reimbursement of amounts that Oil Mop and the Third-Party Defendants were allegedly "overpaid." Those claims are set forth in ACLI's Answer and Counterclaim (Rec. Doc. 5), made a part hereof, in reference, as if copied in extenso, and attached as Exhibit "B."

5.

Potential Defendant in the principal demand is American Commercial Lines, LLC ("ACLC"). ACLC filed a motion to intervene in this proceeding and to file a counterclaim against Oil Mop. The motion to intervene (Rec. Doc. 26) has not been disposed of yet, but is made a part hereof, in reference, as if copied in extenso.

6.

The claims made by ACLI and ACLC are related to services, equipment and materials provided by Oil Mop and the Third-Party Defendants.

7.

Oil Mop has filed an Answer denying any and all liability to ACLI's counterclaim.

Jurisdiction

8.

The Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367 as the claims contained herein are so related to the claims in the original action that they form part of the same case or controversy.

9.

The Court further has jurisdiction over this Third Party Complaint pursuant to 28 U.S.C. § 1331 as the claims contained herein arise under 33 U.S.C. § 2701 et seq., the Oil Pollution Act ("OPA").  In ACLI's counterclaim, it seeks to obtain removal costs that Oil Mop received from the federal government under the Oil Pollution Act, and paid to the Third-Party Defendants.  Oil Mop further seeks to obtain the return of removal costs paid by the federal government under the Oil Pollution Act from Third-Party Defendants.

10.

The present action is within the admiralty jurisdiction of this court under 28 U.S.C. 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

General Allegations

11.

Oil Mop provided certain services, equipment and material in relation to the cleanup of an oil spill in the Mississippi River that occurred on or about July 23, 2008 (the "Job").

12.

The Job was part of a pollution recovery effort under OPA, where spill protection and recovery equipment were deployed in and around the waters of the Lower Mississippi River, near New Orleans.

13.

Oil Mop engaged the Third-Party Defendants to assist in the Job.

14.

Certain Third-Party Defendants entered into contracts with Oil Mop in which they agreed to defend, hold harmless, and indemnify Oil Mop for causes of action that might arise out of the Job.

15.

SESL did not pay Oil Mop for all of the services and materials that Oil Mop provided to it.

16.

Oil Mop sued SESL and ACLI for refusing to pay for the services and materials that Oil Mop provided.

17.

ACLI later claimed in its counterclaim that it should be reimbursed for some of the amounts that it paid for the services provided by Oil Mop and the Third-Party Defendants.

18.

ACLI alleged in its counterclaim that certain personnel of Oil Mop and Third-Party Defendants did not provide training certificates and did not provide I-9 documents. (Rec. Doc. 5, P.14)

19.

ACLI alleged in its counterclaim that there were numerous issues with Oil Mop's invoices including apparent mistakes and/or overcharges and lack of supporting documentation. (Rec. Doc. 5, P.14)

20.

ACLI alleged in its counterclaim that Oil Mop was overpaid and/or received funds in excess of what it was justly entitled for Oil Mop's invoices, which included charges for the Third-Party Defendants.  (Rec. Doc. 5, P.15)

21.

ACLC alleged in its proposed counterclaim that in excess of $3,900,000 of charges by Oil Mop were in breach of a contract.  (Rec. Doc. 26-2, P.16)

22.

ACLC alleged in its proposed counterclaim that Oil Mop breached its contract by not using "lawful workers" and not providing "properly certified" workers.  (Rec. Doc. 26-2, P.18)

Count One – Breach of Contract

23.

Oil Mop repeats, reiterates and incorporates herein by reference paragraph "1" through "22" of this Third-Party Complaint of Oil Mop, L.L.C. as if fully set forth herein at length.

24.

To the extent ACLI and ACLC's allegations and legal theories (which are denied) are borne out against Oil Mop, Oil Mop's agreements with and payments to the Third-Party Defendants are implicated.

25.

To the extent ACLI and ACLC's allegations and legal theories (which are denied) concerning Oil Mop breaching its contract by providing unqualified or unlawful or undocumented workers are borne out against Oil Mop, Oil Mop alleges that the Third-Party Defendants breached their contracts by providing unqualified or unlawful or undocumented workers.

26.

To the extent ACLI and ACLC's allegations and legal theories (which are denied), concerning Oil Mop breaching its contract by providing invoices with apparent mistakes and/or overcharges and lack of supporting documentation, are borne out against Oil Mop, Oil Mop alleges that the Third-Party Defendants breached their contracts by providing invoices with apparent mistakes and/or overcharges and lack of supporting documentation.

Count Two – Unjust Enrichment

27.

Oil Mop repeats, reiterates and incorporates herein by reference paragraph "1" through "26" of this Third-Party Complaint of Oil Mop, L.L.C. as if fully set forth herein at length.

28.

To the extent ACLI and ACLC's allegations and legal theories (which are denied) are borne out against Oil Mop, Oil Mop's agreements with and payments to the Third-Party Defendants are implicated.

29.

To the extent ACLI and ACLC's allegations and legal theories (which are denied) concerning Oil Mop being unjustly enriched are borne out against Oil Mop, Oil Mop alleges that the Third-Party Defendants were unjustly enriched by payments they received related to the Job.

Count Three – Indemnification

30.

Oil Mop repeats, reiterates and incorporates herein by reference paragraph "1" through "29" of this Third-Party Complaint of Oil Mop, L.L.C. as if fully set forth herein at length.

31.

At all times pertinent hereto, Release Agreements between Oil Mop and DSS and IPS were in full force and effect.  Under the terms of the Release Agreements, DSS and IPS are contractually required to defend, indemnify and hold harmless Oil Mop from and against claims such as those asserted by ACLI (and potentially ACLC) in its counterclaim herein.  As such,

9

DSS and IPS are contractually obligated to defend and indemnify Oil Mop under their Release Agreements with Oil Mop.

32.

The indemnification provisions of the Release Agreements with DSS and IPS provide as follows:

> …Releasor releases and forever discharges Oil Mop, its officers, directors, agents and all others, of and from, any and all claims, demands, actions and causes of action for the collection of accounts receivable, open accounts, expenses, liens and privileges, and indemnity, on account of services that Releasor has previously rendered or expenses that Releasor has previously incurred… Releasor agrees to defend, protect, indemnify and hold harmless Oil Mop should third parties assert claims arising out of the matters released herein.

33.

At all times pertinent hereto, Subcontractor Agreements between Oil Mop and ESM, EEI, EQP, GGT, ILE, IPS and LAL were in full force and effect. Under the terms of the Subcontractor Agreements, ESM, EEI, EQP, GGT, ILE, IPS and LAL are contractually required to defend, indemnify and hold harmless Oil Mop from and against claims such as those asserted by ACLI (and potentially ACLC) in its counterclaim herein. As such, ESM, EEI, EQP, GGT, ILE, IPS and LAL are contractually obligated to defend and indemnify Oil Mop under their Subcontractor Agreements with Oil Mop.

34.

The indemnification provisions of the Subcontractor Agreements with ESM, EEI (EEI provisions slightly different but identical in terms of indemnification provided to Oil Mop), EQP, GGT, ILE, IPS and LAL provide as follows:

> Company agrees to indemnify, defend and hold harmless Oil Mop Indemnitees from and against any and all liabilities of every nature, including, without limitation, consequential, incidental and special damages, costs, claims, penalties, fines, forfeitures, causes of action, or suits and the costs and expenses incident thereto, including costs of defense,

10

settlement and reasonable attorneys' fees, which Oil Mop Indemnitees may incur, suffer, or be responsible for due to…any violation or alleged violation of government laws, regulations or order…or by Company's breach of any term or condition of this Agreement.

35.

ACLI and ACLC have counterclaimed or proposed to counterclaim against Oil Mop based on alleged violations of the law by Oil Mop and the Third-Party Defendants. Oil Mop's Subcontractor Agreements require ESM, EEI, EQP, GGT, ILE, IPS and LAL to comply with all applicable federal, state and local laws. Violations of such laws would be breaches of the Subcontractor Agreements.

36.

Since ESM, EEI, EQP, GGT, ILE, IPS and LAL's Subcontractor Agreements with Oil Mop require them to indemnify, defend and hold harmless Oil Mop for alleged violation of laws, (which violations would also be breaches of such agreements for which indemnification is also required), ESM, EEI, EQP, GGT, ILE, IPS and LAL should be required to indemnify, defend and hold harmless Oil Mop.

37.

Oil Mop made amicable demand upon Third-Party Defendants for defense and indemnity. Third-Party Defendants have not yet favorably responded to the requests.

38.

Accordingly, if Counterclaim Defendant/Third-Party Plaintiff, Oil Mop is held liable to counterclaimant/s, which is expressly denied, Oil Mop is entitled to indemnification and/or reimbursement and/or recovery in contract from and against DSS, ESM, EEI, EQP, GGT, ILE,

IPS and LAL for any judgment for which Oil Mop may be held liable to counterclaimant/s, with interest, attorney's fees, expenses and costs.

39.

Oil Mop is further entitled to reimbursement for all sums expended in the defense of this matter, as per the obligations of DSS, ESM, EEI, EQP, GGT, ILE, IPS and LAL in their Release and Subcontractor Agreements.

40.

Oil Mop is further entitled to an Order from this Court ordering DSS, ESM, EEI, EQP, GGT, ILE, IPS and LAL to honor their obligations under their agreements and to defend and indemnify Oil Mop from the claims of ACLI and potentially ACLC.

Count Four – Any Other Claims Made in Counterclaims Against Oil Mop

41.

Oil Mop repeats, reiterates and incorporates herein by reference paragraph "1" through "40" of the Third-Party Complaint of Oil Mop, L.L.C. as if fully set forth herein at length.

42.

To the extent ACLI and ACLC's allegations and legal theories (which are denied) are borne out against Oil Mop, Oil Mop's agreements with and payments to the Third-Party Defendants are implicated.

43.

To the extent that any other of ACLI and ACLC's allegations and legal theories propounded against Oil Mop (which are denied) are borne out against Oil Mop, Oil Mop alleges

that such other allegations and legal theories apply to Third-Party Defendants, because Oil Mop paid part of the amounts that ACLI and ACLC seek to Third-Party Defendants.

44.

Oil Mop reiterates and re-alleges all answers, denials, and other pleadings filed or to be filed in this lawsuit as if copied herein in extenso.

45.

Oil Mop denies the counterclaimant/s' allegations, but in accordance with Rule 14(c) of the Federal Rules of Civil Procedure, demands judgment in the counterclaimant/s' favor against the Third-Party Defendants.

**WHEREORE**, Counterclaim Defendant and Third-Party Plaintiff, Oil Mop prays that:

(a) This Complaint be deemed good and sufficient;

(b) That this Court enter a Judgment in favor of Third-Party Plaintiff, Oil Mop, and against DSS, ESM, EEI, EQP, GGT, ILE, IPS and LAL, for complete and full defense and indemnification in respect to all counterclaims asserted or to be asserted herein;

(c) That Third-Party Plaintiff Oil Mop, have Judgment in its favor dismissing the counterclaim/s at counterclaimant/s' costs and, alternatively, should judgment in any amount be rendered against Third-Party Plaintiff, Oil Mop, that a judgment also be rendered in favor of Oil Mop against Third-Party Defendants for the full amount of any judgment rendered against Oil Mop, together with interest,

attorney's fees, costs, expenses and other damages to which Oil Mop is entitled; and;

(d) Third-Party Plaintiff, Oil Mop be granted all further relief as justice and the nature of the case allow.

Respectfully submitted,

/S/ BRUCE BROWN
**BRUCE BROWN, T.A. (#19501)**
Of
**COLEMAN, JOHNSON, ARTIGUES & JURISICH, L.L.C.**
321 St. Charles Avenue, 10th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1979
Email: Lanebrown@cjajlaw.com
**Counsel for Plaintiff:**
**Oil Mop, L.L.C.**

**Please Serve:**

American Pollution Control Corporation
Through its agent for service of process:
KIRK F. HEADLEY
401 WEST ADMIRAL DOYLE DRIVE
NEW IBERIA, LA 70560

B&B Fire and Safety Services, Inc.
Through its agent for service of process:
SCOTT BUTAUD
319 E. MILTON AVE.
LAFAYETTE, LA 70508

Dillon Environmental Services, LP
Through its agent for service of process:
Charles Fuller
119 East Main
Ringling, OK 73456

Down South Services, L.L.C.
Through its agent for service of process:
THOMAS J. REDDOCH
31432 HIGHWAY 11
BURAS, LA 70041

Eagle Supply and Manufacturing, L.P. Texas
Through its agent for service of process:
GINGER COBB
10049 INDUSTRIPLEX
GONZALES, LA 70737

Environmental Equipment, Inc.
Through its agent for service of process:
Louis O'Neil Suard, Jr.
205 Rosedown Drive
Houma, LA  70360

Greg Gibson Trucking LLC
Through its agent for service of process:
Gregory Gibson
40132 River Road
Boothville, LA  70038

Industrial Cleanup, Inc.
Through its agent for service of process:
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge,  LA  70808

Industrial Labor and Equipment Services LLC
Through its agent for service of process:
Joseph David Futch
855 Jason Drive
Belle Chasse, LA  70037

Integrated Pro Services, LLC
Through its agent for service of process:
Tait Faulk
3201 General Degaulle Drive
Suite 209
New Orleans, LA 70114

Laville Airboats, L.L.C.
Through its agent for service of process:
Carla S. Bergeron
409 Mel Lane
St. Martinville, LA  70582

Phoenix Pollution Control & Environmental Services, Inc.
Through its agent for service of process:
Gary L. Crofford
7500 San Felipe
Ste. 700
Houston, TX  77063

PSC Industrial Outsourcing, LP
Through its agent for service of process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA  70802