UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OIL MOP, L.L.C. | * | CIVIL ACTION NO:  11-00089 |
| Plaintiff, | * | SECTION "L" |
| VERSUS | * | JUDGE:  FALLON |
| SUMMIT ENVIRONMENTAL SERVICES, LLC AND AMERICAN COMMERCIAL LINES, INC. | * * | MAG. DIV. (3) MAG. JUDGE KNOWLES |
| Defendant | | |

**************************************

### ANSWER OF DEFENDANT, ENVIRONMENTAL EQUIPMENT, INC. TO THIRD-PARTY COMPLAINT OF OIL MOP, L.L.C.

Now into court, through undersigned counsel, comes Environmental Equipment, Inc. ("EEI") who in answer to the Third-Party Complaint of Oil Mop, L.L.C. does aver as follows:

#### First Defense

The Third-Party Complaint fails to state a cause of action upon which relief can be granted and Oil Mop, L.L.C. ("Oil Mop") has no right of action.

#### Second Defense

All invoices submitted by EEI to Oil Mop have been audited, and payment made by Oil Mop; therefore, Oil Mop is precluded from asserting this cause of action pursuant to the affirmative defenses of accord and satisfaction, estoppel, payment, release and waiver.

1

## Third Defense

The causes of action asserted by Oil Mop against EEI are subject to a contract by and between the parties dated May 1, 2003, and the terms and conditions of said contract are set forth herein, as though written out in extenso, and are plead as a complete bar or partial bar to any recovery by Oil Mop.

**And now further answering each and every allegation of the Third-Party Complaint of Oil Mop, EEI avers as follows:**

1.

The allegations of paragraph 1 are admitted.

2.

EEI admits its status as set forth in paragraph 2, but denies all other allegations contained therein.

3.

The allegations of paragraph 3 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph 8 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph 9 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph 10 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph 11 are admitted.

12.

The allegations of paragraph 12 are admitted.

13.

The allegations of paragraph 13 are denied for lack of sufficient information to justify a belief herein, except to admit that Oil Mop did engage EEI to provide services pursuant to the aforementioned contract.

14.

The allegations of paragraph 14 are denied. EEI admits that a contract has been entered into between Oil Mop and EEI, and that contract is the best evidence of its terms.

15.

The allegations of paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of paragraph 23 state a legal conclusion, and require no answer, but out of an abundance of caution, EEI denies the allegations for lack of sufficient information to justify a belief therein.

24.

The allegations of paragraph 24 are denied as they relate to EEI.

25.

The allegations of paragraph 25 are denied as they relate to EEI.

26.

The allegations of paragraph 26 are denied as they relate to EEI.

27.

The allegations of paragraph 27 are denied as they relate to EEI.

28.

The allegations of paragraph 28 are denied as they relate to EEI.

29.

The allegations of paragraph 24 are denied as they relate to EEI.

30.

The allegations of paragraph 30 are denied as they relate to EEI.

31.

The allegations of paragraph 31 are denied as they relate to EEI.

32.

The allegations of paragraph 32 are denied as they relate to EEI.

33.

The allegations of paragraph 33 are denied, except to admit that there is a contract between Oil Mop and EEI, and that contract contains the best evidence of its terms.

34.

The allegations of paragraph 34 are denied, except to admit that there is a contract between Oil Mop and EEI, and that contract contains the best evidence of its terms.

35.

The allegations of paragraph 35 are denied, except to admit that there is a contract between Oil Mop and EEI, and that contract contains the best evidence of its terms.

36.

The allegations of paragraph 36 are denied, except to admit that there is a contract between Oil Mop and EEI, and that contract contains the best evidence of its terms.

37.

The allegations are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of paragraph 38 are denied as they pertain to EEI.

39.

The allegations of paragraph 39 are denied as they pertain to EEI.

40.

The allegations of paragraph 40 are denied as they pertain to EEI.

41.

The allegations of paragraph 41 are denied as they pertain to EEI.

42.

The allegations of paragraph 42 are denied as they pertain to EEI.

43.

The allegations of paragraph 43 are denied as they pertain to EEI.

44.

The allegations of paragraph 44 are denied as they pertain to EEI.

45.

The allegations of paragraph 45 are denied as they pertain to EEI.

WHEREFORE, Environment Equipment, Inc. prays that the foregoing Answer of Defendant, Environmental Equipment, Inc. to Third-Party Complaint of Oil Mop, L.L.C. be deemed good and sufficient and after due proceedings have been had that there be judgment entered in favor of Environment Equipment, Inc. against Oil Mop, L.L.C. dismissing the Third-Party Complaint of Oil Mop, L.L.C. at its costs, and for all other legal and equitable relief.

**Respectfully submitted**

**DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS**

By: /s/ C. Berwick Duval, II
**C. BERWICK DUVAL, II** (5109) (T.A.)
**STANWOOD R. DUVAL** (27732)
**KATHRYN W. RICHARD** (26486)
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
Phone: (985) 876-6410

**AND**

**Sye Brossard (33055)**
**Broussard & Dove**
7731 Park Avenue
Houma, Louisiana 70364
Phone: (985) 868-4800

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Bruce Lane Brown | lanebrown@cjajlaw.com |
| Glenn Gill Goodier | ggoodier@joneswalker.com |
| John A.V. Nicoletti | jnicoletti@nicolettihornig.com |
| Robert A. Novak | rnovak@nicolettihornig.com |
| Terry L. Stoltz | tstoltz@nicolettihornig.com |
| Lance Michael Sannino | lsannino@joneswalker.com |
| Richard D. Bertram | rbertram@joneswalker.com |

this 28th day of October, 2011.

/s/ C. Berwick Duval, II
C. BERWICK DUVAL, II