UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OIL MOP, L.L.C. | * |
| | * CIVIL ACTION NO. |
| Plaintiff, | * 2:11-cv-00089-EEF-DEK |
| | * |
| VERSUS | * SECTION "L" |
| | * JUDGE Eldon E. Fallon |
| SUMMIT ENVIRONMENTAL SERVICES, | * |
| LLC AND AMERICAN COMMERCIAL | * MAG. DIV. (3) |
| LINES INC. | * MAG. JUDGE Daniel E. Knowles, III |
| | * |
| Defendants. | * |
| | * |

******************************************

**PLAINTIFF IN INTERVENTION
AMERICAN COMMERCIAL LINES LLC'S
ANSWER TO COUNTERCLAIM OF
<u>DEFENDANT IN INTERVENTION OIL MOP, L.L.C.</u>**

NOW INTO COURT, through undersigned counsel, comes plaintiff in intervention, American Commercial Lines LLC ("ACL-LLC") who, in answer to the counterclaim of defendant in intervention Oil Mop, L.L.C. ("Oil Mop"), avers upon information and belief as follows:

**FIRST DEFENSE**

The counterclaim fails to state a cause of action upon which relief can be granted and the defendant in intervention Oil Mop has no right of action.

{N2379835.1}   1

## SECOND DEFENSE

Defendant in intervention Oil Mop has failed and/or refused to provide copies of federally required I-9 forms with respect to its personnel and/or labor force and therefore is not entitled to payment for any of said personnel and/or labor force.

## THIRD DEFENSE

Defendant in intervention Oil Mop has failed and/or refused to provide copies of haz-woper certificates and/or any evidence that its personnel and/or labor force received the proper training and/or certification for the clean up and/or remediation of oil contamination and therefore plaintiff is not entitled to payment for any personnel and/or labor not so properly trained and certified.

## FOURTH DEFENSE

Defendant in intervention Oil Mop's invoices contain improper and/or unsupported charges for which ACL-LLC is not liable.

## FIFTH DEFENSE

And now further answering each and every allegation of the counterclaim, should further answer be deemed necessary, ACL-LLC avers as follows:

1.

The allegations set forth in paragraph "1" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof.

2.

The allegations set forth in paragraph "2" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that it is a Delaware limited liability company with a principal place of business at 1701 East Market Street, Jeffersonville, Indiana.

3.

The allegations set forth in paragraph "3" of the counterclaim are denied on the ground that they require plaintiff in intervention ACL-LLC to plead to legal conclusions.

4.

The allegations set forth in paragraph "4" of the counterclaim are denied on the ground that they require plaintiff in intervention ACL-LLC to plead to legal conclusions except plaintiff in intervention ACL-LLC admits only that it seeks, in part, to recover from Oil Mop those amounts which the United States of America seeks from ACL-LLC as a result of payments made by the United States of America to Oil Mop.

5.

The allegations set forth in paragraph "5" of the counterclaim are denied on the ground that they require plaintiff in intervention ACL-LLC to plead to legal conclusions.

**FACTS**

6.

The allegations set forth in paragraph "6" of the counterclaim are admitted.

7.

The allegations set forth in paragraph "7" of the counterclaim are admitted.

8.

The allegations set forth in paragraph "8" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that between March 31, 2008 and December 1, 2009, ACL Professional Services Inc. was the 100% owner of Summit Contracting L.L.C.

9.

The allegations set forth in paragraph "9" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that between May 15, 2007 and December 1, 2009, Summit Contracting L.L.C. was the 100% owner of Summit Environmental Services LLC.

10.

The allegations set forth in paragraph "10" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof.

11.

The allegations set forth in paragraph "11" of the counterclaim are admitted.

12.

The allegations set forth in paragraph "12" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that on or about July 23, 2008, Summit Environmental Services LLC was wholly owned by Summit Contracting L.L.C., that Summit Contracting L.L.C. was wholly owned by ACL Professional Services Inc., that ACL Professional Services Inc. was wholly owned by Commercial Barge Line Company and that Commercial Barge Line Company was wholly owned by American Commercial Lines Inc.

13.

The allegations set forth in paragraph "13" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof.

14.

The allegations set forth in paragraph "14" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that ACL-LLC retained Oil Mop to perform services related to the release of oil into the Mississippi River on or about July 23, 2008.

15.

The allegations set forth in paragraph "15" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that Oil Mop provided environmental response services related to the release of oil into the Mississippi River on or about July 23, 2008.

16.

The allegations set forth in paragraph "16" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof.

17.

The allegations set forth in paragraph "17" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof except plaintiff in intervention ACL-LLC admits only that Oil Mop submitted claims to the National Pollution Fund Center ("NPFC").

18.

The allegations set forth in paragraph "18" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof.

19.

The allegations set forth in paragraph "19" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof.

20.

The allegations set forth in paragraph "20" of the counterclaim are denied for lack of sufficient information to justify a belief as to the truth thereof.

21.

The allegations set forth in paragraph "21" of the counterclaim are denied.

22.

The allegations set forth in paragraph "22" of the counterclaim are denied.

23.

The allegations set forth in paragraph "23" of the counterclaim are denied.

24.

The allegations set forth in paragraph "24" of the counterclaim are denied.

25.

The allegations set forth in paragraph "25" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that Oil Mop made demand for money to Dawn Landry.

26.

The allegations set forth in paragraph "26" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that for a period of time prior to December 1, 2009, Dawn Landry was the Senior Vice President and General Counsel of American Commercial Lines Inc., ACL Professional Services Inc. and Summit Contracting L.L.C.

27.

The allegations set forth in paragraph "27" of the counterclaim are denied except plaintiff in intervention ACL-LLC admits only that Oil Mop agreed to certain rate concessions.

28.

The allegations set forth in paragraph "28" of the counterclaim are denied.

29.

The allegations set forth in paragraph "29" of the counterclaim are denied.

30.

The allegations set forth in paragraph "30" of the counterclaim are denied.

## COUNT I

### SINGLE BUSINESS ENTERPRISE

31.

Plaintiff in intervention ACL-LLC repeats, reiterates and incorporates by reference the denials, admissions and affirmative allegations set forth in paragraphs "1" through "30" inclusive of the Answer to the Counterclaim with regard to those allegations which are repeated, reiterated

and incorporated in paragraph "31" of the counterclaim with the same force and effect as if more fully set forth herein at length.

32.

The allegations set forth in paragraph "32" of the counterclaim are denied.

33.

The allegations set forth in paragraph "33" of the counterclaim are denied.

34.

The allegations set forth in paragraph "34" of the counterclaim are denied.

35.

The allegations set forth in paragraph "35" of the counterclaim are denied.

## COUNT II

## BREACH OF CONTRACT

36.

Plaintiff in intervention ACL-LLC repeats, reiterates and incorporates by reference the denials, admissions and affirmative allegations set forth in paragraphs "1" through "35" inclusive of the Answer to the Counterclaim with regard to those allegations which are repeated, reiterated and incorporated in paragraph "36" of the counterclaim with the same force and effect as if more fully set forth herein at length.

37.

The allegations set forth in paragraph "37" of the counterclaim are denied.

38.

The allegations set forth in paragraph "38" of the counterclaim are denied.

39.

The allegations set forth in paragraph "39" of the counterclaim are denied.

40.

The allegations set forth in paragraph "40" of the counterclaim are denied.

41.

The allegations set forth in paragraph "41" of the counterclaim are denied.

42.

The allegations set forth in paragraph "42" of the counterclaim are denied.

43.

The allegations set forth in paragraph "43" of the counterclaim are denied.

44.

The allegations set forth in paragraph "44" of the counterclaim are denied.

45.

The allegations set forth in paragraph "45" of the counterclaim are denied.

46.

The allegations set forth in paragraph "46" of the counterclaim are denied.

47.

The allegations set forth in paragraph "47" of the counterclaim are denied.

48.

The allegations set forth in paragraph "48" of the counterclaim are denied.

49.

The allegations set forth in paragraph "49" of the counterclaim are denied.

50.

The allegations set forth in paragraph "50" of the counterclaim are denied.

51.

The allegations set forth in paragraph "51" of the counterclaim are denied.

52.

The allegations set forth in paragraph "52" of the counterclaim are denied.

53.

The allegations set forth in paragraph "53" of the counterclaim are denied.

54.

The allegations set forth in paragraph "54" of the counterclaim are denied.

55.

The allegations set forth in paragraph "55" of the counterclaim are denied.

56.

The allegations set forth in paragraph "56" of the counterclaim are denied.

## COUNT III

## QUANTUM MERUIT & UNJUST ENRICHMENT

57.

Plaintiff in intervention ACL-LLC repeats, reiterates and incorporates by reference the denials, admissions and affirmative allegations set forth in paragraphs "1" through "56" inclusive of the Answer to the Counterclaim with regard to those allegations which are repeated, reiterated and incorporated in paragraph "57" of the counterclaim with the same force and effect as if more fully set forth herein at length.

58.

The allegations set forth in paragraph "58" of the counterclaim are denied.

59.

The allegations set forth in paragraph "59" of the counterclaim are denied.

60.

The allegations set forth in paragraph "60" of the counterclaim are denied.

61.

The allegations set forth in paragraph "61" of the counterclaim are denied.

62.

The allegations set forth in paragraph "62" of the counterclaim are denied.

63.

The allegations set forth in paragraph "63" of the counterclaim are denied.

64.

The allegations set forth in paragraph "64" of the counterclaim are denied.

65.

The allegations set forth in paragraph "65" of the counterclaim are denied.

66.

The allegations set forth in paragraph "66" of the counterclaim are denied.

WHEREFORE, plaintiff in intervention American Commercial Lines, LLC prays:

(a) That the foregoing Answer to the Counterclaim be deemed good and sufficient and after due proceedings have been had that there be judgment entered in favor of American Commercial Lines LLC and against Oil Mop dismissing, with prejudice, Oil Mop's Counterclaim to American Commercial Lines LLC's Complaint in Intervention;

(b) That American Commercial Lines LLC's Complaint in Intervention be deemed good and sufficient and after due proceedings have been had that there be judgment entered in favor of American Commercial Lines LLC and against Oil Mop awarding American Commercial Lines LLC in excess of $2,800,000.00 as will be determined at trial, plus reimbursement of all amounts already paid to Oil Mop by American Commercial Lines LLC and/or its insurers that exceed the valid and properly supported charges in Oil Mop's invoices as approved by the auditors, plus reimbursement of all amounts paid for all illegal and/or improperly certified workers; and

(c) That American Commercial Lines LLC be awarded interest and attorney's fees, with Oil Mop to bear all costs of Court, and for all other relief which the justice of the cause may require.

This 7th day of November, 2011.

        Respectfully submitted,

        */s/ Glenn G. Goodier*
        GLENN G. GOODIER (#06130), T.A.
        RICHARD D. BERTRAM (#17881)
        LANCE M. SANNINO (#29409)
        Jones, Walker, Waechter, Poitevent
        Carrère & Denègre, L.L.P.
        201 St. Charles Avenue – 48th Floor
        New Orleans, Louisiana 70170-510
        Telephone: (504) 582-8174
        Fax: (504) 582-8010
        Email: ggoodier@joneswalker.com
        *Counsel for Defendants*
        *Summit Environmental Services, LLC, American*
        *Commercial Lines Inc., and Intervenor Plaintiff*
        *American Commercial Lines LLC*

        JOHN A.V. NICOLETTI – Admitted *pro hac vice*
        ROBERT A. NOVAK – Admitted *pro hac vice*
        TERRY L. STOLTZ – Admitted *pro hac vice*
        Nicoletti, Hornig & Sweeney
        Wall Street Plaza; 88 Pine Street
        New York, New York 10005-1801
        Telephone: (212) 220-3830
        Fax: (212) 220-3780
        Email: jnicoletti@nicolettihornig.com

## **CERTIFICATE OF SERVICE**

    I do hereby certify that I have on this 7th day of November, 2011 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing, facsimile, hand delivery and/or by mailing the same by United States mail, properly addressed and first class postage prepaid.

        */s/ Glenn G. Goodier*